In re Petition for DISCIPLINARY ACTION AGAINST Paul APPLEBAUM, a Minnesota Attorney, Reg. No. 223098.

No. A11–1584.

Supreme Court of Minnesota.

Sept. 23, 2011.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Paul Applebaum committed professional misconduct warranting public discipline, namely, failing to diligently pursue a client matter, failing to adequately communicate the status of the matter to the client, failing to provide reasonably necessary information to the client, failing to maintain and return the client's file, and making a series of misrepresentations to the client regarding the status of the matter, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4(a) and (b), 1.15(c)(4), 1.16(d), and 8.4(c) and (d).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand and supervised probation for a period of two years.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Paul Applebaum is publicly reprimanded and placed on probation for a period of two years from the date of filing of this order, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks of the date of filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Respondent shall provide the Director, within 30 days of the date of filing of this order, and the probation supervisor, once one has been appointed, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT

/s/Alan C. Page
Associate Justice